UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| BYRON JAMES MILLER, | ) |
| Petitioner, | ) Civil No. 0: 19-15-HRW |
| v. | ) |
| WARDEN, FCI ASHLAND, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Byron James Miller has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the enhancement of his federal sentence in 1998. [D. E. No. 1] The warden has filed a response. [D. E. No. 12] Miller has not filed a reply, and the deadline to do so has passed. *See* [D. E. No. 7 at 3] This matter is ripe for decision.

In May 1991, Miller pleaded guilty to selling cocaine, a Schedule II controlled substance, in violation of Tenn. Code § 39-17-417(a)(3) in the Circuit Court of Davidson County, Tennessee. [D. E. Nos. 12-2 at 24, 12-3] Miller was sentenced to eight years in prison, suspended to an eight-year term of probation. *See Miller v. Rivera*, No. 1: 13-CV-442-RC-ZJH (E.D. Tex. 2013) [R. 4 therein at 8, 16-17, 30-31].

1

In 1997 Miller was convicted of federal conspiracy and drug trafficking charges in St. Louis, Missouri. Miller was sentenced to 292 months imprisonment, a term reduced in 2019 to 188 months. *United States v. Miller*, No. 4: 96-CR-365-CDP-1 (E.D. Mo. 1996); *Miller v. United States*, 135 F.3d 1254 (8th Cir. 1998).

While serving that sentence in a federal penitentiary in Pekin, Illinois, in 1998 Miller was caught with heroin. He was charged with possession of narcotics with intent to distribute, and a jury convicted him of violating 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) and a related offense. In light of his two prior drug trafficking convictions in Tennessee and Missouri, the presentence investigation report concluded that Miller qualified as a career offender under § 4B1.1 of the Sentencing Guidelines. [D. E. No. 14 at 6] Miller was sentenced to 210 months imprisonment for his crimes, at the bottom of the applicable guidelines range, with that sentence to run consecutively to his federal sentence from Missouri. *United States v. Miller*, No. 1: 98-CR-10046-MMM-1 (C.D. Ill. 1998); *United States v. Miller*, 199 F. 3d 416 (7th Cir. 1999).

Miller has challenged his convictions and sentences through numerous motions under 28 U.S.C. § 2255 and Civil Rules 59(e) and 60(b), without success. *See United States v. Miller*, 542 F. App'x 526, 527-28 (7th Cir. 2013).

Miller argues in his petition that his state conviction under Tenn. Code § 39-17-417 was for "possession of narcotics for resale," and is not a "controlled

2

substance offense" for purposes of U.S.S.G. § 4B1.1. [R. 1 at 2] Miller refers to *Mathis v. United States*, 136 S. Ct. 2243 (2016) as the basis for his claim.[1] In a supplement to his petition, Miller also contends that the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (*en banc*) supports his claim for relief. [D. E. No. 6] The Court has thoroughly reviewed the materials submitted by both of the parties, and will deny the petition because Miller's claims are not properly pursued in a § 2241 petition and are substantively without merit.

A federal prisoner generally may not raise a challenge to his sentence in a petition filed under 28 U.S.C. § 2241. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Instead, a prisoner must file a motion under 28 U.S.C. § 2255 in the court that convicted and sentenced him to challenge his conviction or sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A § 2241 petition is not an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates a narrow exception to this rule if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of a petitioner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th

---

[1] Miller also briefly argues that the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 596 (5th Cir. 2016) warrants relief. [R. 1 at 13-14] But *Hinkle* analysed a Texas statute that is readily distinguishable from the Tennessee statute under which Miller was convicted, and therefore does not assist his cause.

Cir. 2004). A § 2255 motion is not "inadequate or ineffective" simply because such a motion would be barred or untimely or because a previous § 2255 motion was unsuccessful. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review").

Rather, to meet this standard the petitioner must establish that: (1) her sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) she was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after her sentence became final, the Supreme Court issued a retroactively applicable decision establishing that – as a matter of statutory interpretation – a prior conviction used to enhance her federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 595, 599-600 (6th Cir. 2016). The petitioner's claim must be based upon a decision of the United States Supreme Court; a decision of a circuit court of appeals will not do. *Hueso v. Barnhart*, 948 F. 3d 324, 326 (6th Cir. 2020). And the claim must be one that the petitioner had no earlier opportunity to assert, either on direct appeal or in a § 2255 motion. *Wright v. Spaulding*, 939 F.3d 695, 703 (6th Cir. 2019).

Miller's claims fail to satisfy these criteria. The Sixth Circuit's decision in *Havis* provides no basis for relief under § 2241 because it is not a decision of the United States Supreme Court. *Hueso*, 948 F. 3d at 326; *Hill*, 836 F. 3d at 600.

*Mathis*, of course, satisfies that baseline requirement. But Miller's mere incantation of the Supreme Court's decision in that case does not mean that his claim is actually based upon it. In *Mathis*, the Supreme Court held that a statute which sets forth alternative factual means to commit a single offense is not divisible, and hence does not permit resort to the materials described in *Shepard v. United States*, 544 U.S. 13 (2005) to determine the particular offense committed. *Mathis*, 136 S. Ct. at 2248-50 (citing *Richardson v. United States*, 526 U.S. 813 (1999)).

Miller does not assert a *Mathis* claim: he does not contend that the trial court incorrectly concluded that the Tennessee drug trafficking statute was divisible, or that it errantly referred to *Shepard* materials.[2] Instead he argues only that the Tennessee statute sweeps more broadly than the generic offense and hence cannot qualify as a valid predicate. [D. E. No. 1 at 9, 14-15] That is an argument based

---

[2] Such a claim would be meritless in any event: the Sixth Circuit has already held that Tenn. Code § 39-17-217 is divisible under *Mathis*. *United States v. Goldston*, 906 F.3d 390, 394 (6th Cir. 2018). *See also Headrick v. State*, 519 S.W.2d 403, 405 (Tenn. Cr. App. 1974) (noting that "possession for resale of each of the drugs charged in the separate indictments is proscribed by different sections of the Drug Control Act of 1971, and a different and separate punishment is prescribed for each offense ...").

5

squarely upon *Taylor v. United States*, 495 U.S. 575, 599-66 (1990), a claim that Miller could and must have raised at sentencing, on direct appeal, or in an initial § 2255 motion; therefore, he cannot pursue it in a § 2241 petition. *Spaulding*, 939 F. 3d at 705 ("But as the government points out, Wright's claim never needed *Mathis*. To be sure, Wright could not cite *Mathis*, specifically, before it existed. But a claim for habeas relief is more than the talismanic force of a new case name. A new case matters only, if at all, because of the new legal arguments it makes available."). Because Miller had several earlier chances to assert this claim, he may not do so now in a § 2241 petition. *Id.* at 703.

Even if the merits of Miller's claims were properly raised in his petition, they are without merit. As noted above, Tenn. Code § 39-17-417 is a divisible statute, and hence the Illinois district court could refer to *Shepard* documents (such as the indictment or information, plea colloquy, verdict forms or judgment) to determine precisely what crime Miller pleaded guilty to in Tennessee. Those documents make plain that he was charged with and convicted of the sale of cocaine, an offense set forth in § 39-17-417(a)(3), not delivery under subsection (a)(2) or possession with intent to sell under subsection (a)(4).[3] [D. E. Nos. 12-2 at 17, 19, 24, 42; D. E. No. 12-3]

---

[3] *Havis* is thus factually distinguishable: essential to the Sixth Circuit's decision in that case was the fact that the defendant's "charging documents did not specify

That is not to say, as the warden urges [D. E. No. 12 at 8-10], that Miller's characterization of his prior Tennessee conviction as one for "possession of a controlled substance for resale" is entirely baseless. Indeed, the federal presentence investigation report identified his prior conviction as such. *See* [D. E. No. 12-2 at 30] And, presumably drawing from the PSR, that is the label attached to this predicate by the federal court in Illinois, both during the sentencing hearing and in its opinion denying relief under § 2255. [D. E. No. 12-2 at 34-35, 39] This mistake appears to have originated from the Tennessee "Court Order for Community Corrections" entered on May 23, 1991, which described Miller's offense as "Possession of a Controlled Substance for Resale: Schedule II." [D. E. No. 12-2 at 43]

That label is self-evidently incorrect, however, as no such crime existed under Tennessee law in 1990 when Miller was charged. *Cf. United States v. Douglas*, 563 F. App'x 371, 373 (6th Cir. 2014) (noting that the defendant's 2001 Tennessee conviction for "Possession of Less Than 0.5 Grams of Cocaine for Resale" "does not track to the language of any Tennessee criminal statute ..."). Here the

---

whether his conviction was for sale, delivery, or both." *Havis*, 927 F.3d at 384. Of course, charging documents never specify what a defendant was convicted of – judgments do that. But Miller's indictment and judgment *did* expressly specify that he was charged with and convicted of the sale of cocaine, not merely delivery or possession with intent to sell.

government, much like the Sixth Circuit did in *Douglas*, assumes that the "possession ... for resale" language is an apparent reference to a subsection of the current version of the statute, in this case § 39-17-417(a)(4), which criminalizes "Possess[ing] a controlled substance with intent to manufacture, deliver or sell such controlled substance." [D. E. No. 12 at 8-10]

But the Court need not assume what can be readily proved.[4] The "for resale" language for a controlled substance is found in decisions of the Tennessee courts distinguishing between drug trafficking, a felony under Tenn. Code § 52-1432(a)(1), and possession incident to a "casual exchange," a misdemeanor under § 52-1432(a)(2), (b). These sections are found in Tenn. Code § 52-1432, the statutory precursor to the current law, which was enacted in 1971 and remained in effect until it was repealed effective November 1, 1989 and replaced with Tenn. Code § 39-17-417. *See* Tenn. Att'y Gen Op. 16-40 (Nov. 16, 2016) at pg. 2.[5] Apart from differences in organizational structure, the operative language in the former and

---

[4] "Readily" is perhaps an optimistic assessment, as the Court is privileged to have the research assistance of Bonnie Robinson, its intrepid Librarian, in such endeavors. The Court expresses its gratitude to Ms. Robinson for her assistance in tracking down the historical version of the statute.

[5] *See also Loveday v. State*, 546 S.W.2d 822, 827 (Tenn. Cr. App. 1976); *State v. Durso*, 645 S.W.2d 753, 754 (Tenn. 1983); *State v. Dowell*, 705 S.W.2d 138, 142-43 (Tenn. Cr. App. 1985); *Anderson v. State*, 512 S.W.2d 665, 673 (Tenn. Cr. App. 1974).

current versions of the statute is functionally the same. *See State v. Helton*, 507 S.W.2d 117, 119 (Tenn. 1974). It is therefore understandable that the "Court Order for Community Corrections" referred to language found in the version of the statute that had been repealed less than two months before Miller committed his offense on December 13, 1989. See [D. E. No. 12-3 at 1]

The Tennessee indictment and judgment, both proper *Shepard* materials, are clear that Miller was charged with and convicted of actually selling drugs, an offense defined by Tenn. Code § 39-17-417(a)(3). The presence of other documents that accidentally refer to an outdated version of the statute does not alter that conclusion. And Miller's conviction for actually selling cocaine, unlike the attempted delivery of controlled substances under Tennessee law at issue in *Havis*, is unquestionably a controlled substance offense for purposes of the guidelines enhancement. *See Goddard v. United States*, No. 19-5882 (6th Cir. Apr. 29, 2020) [R. 11-2 at 4 therein ("Goddard's reliance on *Havis* is unavailing because the predicates for his career-offender enhancement were not attempt crimes.")], *pet. for rhrg. en banc pending*; *United States v. Douglas*, 563 F. App'x 371, 377-78 (6th Cir. 2014); *United States v. Penny*, No. 1:04-CR-036, 2004 WL 7330378, at *3-4 (E.D. Tenn. May 14, 2004).

Accordingly, it is **ORDERED** as follows:

1.      Byron James Miller's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. The Court will enter a corresponding judgment this date.

3. This matter is **STRICKEN** from the docket.

This 22nd day of June, 2020.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge